JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

SUSAN E. ANDERSON, Arizona Bar #020343
Assistant Federal Public Defender
Attorney for Defendant
susan_anderson@fd.org

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| United States of America,<br><br>       Plaintiff,<br><br>  vs.<br><br>Paula Amber Chisholm,<br><br>       Defendant. | No. 6:21-CR-00194-RAW<br><br>**DEFENDANT'S REQUESTED JURY INSTRUCTIONS** |

      Defendant Paula Amber Chisholm, through counsel, respectfully requests that the following proposed jury instructions be used in addition to the standard Tenth Circuit criminal pattern jury instructions appropriate to the case.

      Respectfully submitted:    March 10, 2022.

                                    JON M. SANDS
                                    Federal Public Defender

                                *s/Susan E. Anderson*
                                    SUSAN E. ANDERSON
                                    Asst. Federal Public Defender

DEFENDANT'S PROPOSED INSTRUCTION No. 1

**Child Abuse in Indian Country**
[18 U.S.C. §§ 1151, 1153 & 21 Okla. Stat. § 843.5(A)]

The defendant is charged in Count 1 of the indictment with Child Abuse in Indian Country, in violation of Sections 1151 and 1153 of Title 18 of the United States Code and Section 843.5(A) of Title 21 of the Oklahoma Statutes. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First:** On or about November 20, 2019 and continuing until December 5, 2019, the defendant harmed the health, safety, or welfare of K.C. by striking, kicking, dragging, pinching, and restraining him;

**Second:** The defendant did so willfully or maliciously;

**Third:** K.C. is a child under the age of 18;

**Fourth:** The offense happened in the Eastern District of Oklahoma, within the confines of the Choctaw Nation Reservation; and

**Fifth:** The defendant is an Indian.

<u>Use of ordinary force for discipline:</u>

It is not child abuse for a person to use reasonable or ordinary force to discipline a child, including, but not limited to, spanking, switching, or paddling, so long as the force is reasonable in manner and moderate in degree.

<u>AUTHORITY</u>:

OUJI-CR 4-35 and 4-35B; 21 Okl. Stat. §§ 843.5(A), (L) and 844 (Nov. 1, 2021); 18 U.S.C. § 1153

2

DEFENDANT'S PROPOSED INSTRUCTION No. 2

**Child Neglect in Indian Country**
[18 U.S.C. §§ 1151, 1153 & 21 Okla. Stat. § 843.5(C)]

The defendant is charged in Count 2 of the indictment with Child Neglect in Indian Country, in violation of Sections 1151 and 1153 of Title 18 of the United States Code and Section 843.5(C) of Title 21 of the Oklahoma Statutes. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First:** On or about September 1, 2019 and continuing until December 5, 2019, the defendant was responsible for K.C.'s health, safety, or welfare;

**Second:** The defendant failed or omitted to provide adequate nurturance and affection, food, or sanitation/hygiene for K.C.;

**Third:** The defendant did so willfully or maliciously;

**Fourth:** K.C. is a child under the age of 18;

**Fifth:** The offense happened in the Eastern District of Oklahoma, within the confines of the Choctaw Nation Reservation; and

**Sixth:** The defendant is an Indian.

AUTHORITY:

OUJI-CR 4-37; 21 Okl. Stat. §§ 843.5(C) (May 8, 2018 & Nov. 1, 2021); 10A Okl. Stat. § 1-1-105(48) (May 8, 2018 & Nov. 1, 2021); 18 U.S.C. § 1153

DEFENDANT'S PROPOSED INSTRUCTION No. 3

**Determination of Indian Status for Offenses Committed Within Indian Country**

**18 U.S.C. § 1153**

In order for the defendant to be found to be an Indian, the government must prove the following, beyond a reasonable doubt:

First, the defendant has some quantum of Indian blood; and

Second, the defendant is recognized as an Indian by a tribe or by the federal government.

Whether there has been tribal or federal government recognition of the defendant as an Indian is determined by considering four factors:

1. tribal enrollment;
2. government recognition formally and informally through receipt of assistance reserved only to Indians;
3. enjoyment of the benefits of tribal affiliation; and
4. social recognition as an Indian through residence on a reservation and participation in Indian social life.

AUTHORITY:

*United States v. Prentiss*, 273 F.3d 1277, 1278 (10th Cir. 2001); *United States v. Lawrence*, 51 F.3d 150 (8th Cir. 1995); *United States v. Drewry*, 365 F.3d 957 (10th Cir. 2004), *vacated on other grounds by United States v. Drewry*, 543 U.S. 1103 (2005).

DEFENDANT'S PROPOSED INSTRUCTION No. 4

**Unanimity of Theory**

Your verdict must be unanimous.

Count 1 of the indictment accuses the defendant of committing the following acts beginning on or about November 20, 2019 and continuing until December 5, 2019: striking, kicking, dragging, pinching, and restraining K.C.  The government does not have to prove all of these different acts for you to return a guilty verdict on Count 1.  But in order to return a guilty verdict on Count 1, all twelve of you must agree upon which of the listed acts, if any, the defendant committed *and* that she committed at least one of the acts listed.

Count 2 of the indictment accuses the defendant of committing the following acts of omission beginning on or about September 1, 2019 and continuing until December 5, 2019:  failing or omitting to provide adequate nurturance and affection, food, or sanitation/hygiene for K.C.  The government does not have to prove all of these different acts of omission for you to return a guilty verdict on Count 2.  But in order to return a guilty verdict on Count 2, all twelve of you must agree upon which of the listed acts of omission, if any, the defendant committed *and* that she committed at least one of the acts of omission listed.

AUTHORITY:

Tenth Circuit Pattern Jury Instruction 1.24