JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

SUSAN E. ANDERSON, Arizona Bar #020343
Assistant Federal Public Defender
Attorney for Defendant
susan_anderson@fd.org

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF OKLAHOMA

| United States of America, | No. 6:21-CR-00194-RAW |
|---|---|
| Plaintiff, | **MOTION IN LIMINE TO PRECLUDE GOVERNMENT FROM INTRODUCING OTHER ACT EVIDENCE UNDER FED. R. EVID. 404(b)** |
| vs. | |
| Paula Amber Chisholm, | |
| Defendant. | |

The defendant, Paula Chisholm, through undersigned counsel, respectfully moves *in limine* for an order precluding the government from introducing evidence of other crimes, wrongs or acts under Fed. R. Evid. 404(b).  (*See* Government's notice of intent at Doc. 50.)  The government proposes to introduce testimony by Derek Pacula, the ex-boyfriend of Ms. Chisholm and father of her three children, about incidents he purportedly witnessed involving Ms. Chisholm and the same alleged victim she is accused of abusing and neglecting here.  Mr. Pacula claims that, before he left their shared residence in 2017, he saw Ms. Chisholm push K.C. down, grab him by the ears, and hit him.  This Court should disallow the evidence, as it constitutes impermissible propensity evidence under Rule 404(b), and its probative value is substantially outweighed by the danger of unfair prejudice under Rule 403.  Failure to preclude the evidence will violate Ms. Chisholm's

right to a presumption of innocence and a fair trial and other due process under the Fifth Amendment to the United States Constitution.

**I.      Background**

Ms. Chisholm is charged by indictment with child abuse and child neglect in Indian Country, in violation of 18 U.S.C. §§ 1151, 1153 and 21 Okla. Stat. §§ 843.5(A), 843.5(C). The indictment alleges the child abuse occurred between November 20, 2019 and December 5, 2019 and that it involved Ms. Chisholm striking, kicking, dragging, pinching, and restraining K.C. The indictment alleges the child neglect occurred between September 1, 2019 and December 5, 2019 and that it involved Ms. Chisholm failing and omitting to provide adequate nurturance, affection, food, sanitation, and hygiene for K.C., while she was allegedly responsible for his health, safety, and welfare.

K.C. was five years old and in pre-Kindergarten classes. He was under the legal guardianship of his maternal grandmother. He lived with his maternal grandmother and other family members, including Ms. Chisholm. The case involves allegations that K.C. arrived at school on December 3, 2019, acting lethargic and with bruises on his ears, cheek, and eye. Further medical evaluations purportedly showed that K.C. was malnourished and had additional injuries, including cuts, abrasions, bruises, and pressure ulcers. K.C. was questioned repeatedly that day and forensically interviewed, and he purportedly identified his aunt Paula as having punched him. He also claimed that she would whoop him and pinched his ears. Over the next week or more, while in the custody of his biological father and stepmother, he purportedly made additional accusations against his aunt Paula.

Ms. Chisholm was arrested in December 2019 and charged in state court with charges related to the instant offenses. Her three biological children with her estranged boyfriend Derek Pacula were placed in foster care with their maternal great-aunt. During December 2019, Mr. Pacula purportedly made a report to local police, alleging that, before he left their shared residence in 2017, he witnessed Ms. Chisholm push K.C. down, grab him by the ears, and hit him.

## II. Law and Argument

Under Rule 404(b), evidence of "any other crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). "This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Rule 404(b) presents a narrow threshold inquiry which must be answered before other act evidence can be admitted, namely, whether the evidence is offered for a purpose other than to prove criminal propensity." *United States v. Tan*, 254 F.3d 1204, 1208 (10th Cir. 2001). "[I]f the other act evidence is relevant and tends to prove a material fact other than the defendant's criminal disposition, it is offered for a proper purpose under Rule 404(b) and may be excluded only under Rule 403." *Id*.

Even where evidence of prior acts is relevant and is offered for a proper purpose under Rule 404(b), it must still survive the Rule 403 balancing test to be admitted. Evidence may be excluded under Rule 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence is unfairly prejudicial when "it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. Alfred*, 982 F.3d 1273, 1283 (10th Cir. 2020) (internal quotation marks and citation omitted).

Legal commentators have noted that the general exclusion of other acts evidence under Rule 404(b) rests on concerns that "jurors will naturally tend to overvalue other crimes evidence" and "might infer that the defendant has a propensity to commit crimes and probably committed this crime as charged." J. Patterson, *Evidence of Prior Bad Acts: Admissibility under the Federal Rules*, 38 Baylor L. Rev. 331, 333-34 (Spring 1986). There is a risk that despite reasonable doubt, "the jury might conclude that the defendant is a 'bad [person],' who deserves punishment regardless of his [or her] innocence of the crime

3

charged and warrants imprisonment to prevent future maleficent acts." *Id.* at 333. The more instances of prior crimes or bad acts introduced, the greater the risk of "confusing the issues." *Id.* at 334.

### A. The proposed evidence does not tend to prove a material point, absent a chain of inferences forbidden by Rule 404(b)

The government proposes to introduce prior episodes of alleged assaultive behavior by the defendant against K.C., who is also the alleged victim here, from two or more years earlier. The government purports to introduce the prior acts evidence to prove common scheme or plan, identity, and absence of mistake or lack of accident. (Doc. 50 at pp. 5-6.)

The argument that the other-acts evidence is admissible to show "common scheme or plan" appears to be a euphemism for showing the defendant's disposition. The government describes this "common scheme or plan" as the defendant previously "committing the same types of acts that she is charged with here." (Doc. 50 at p. 5.) It is unclear what this is intended to show other than that the defendant has violent or abusive tendencies and acted consistent with those tendencies during the acts alleged in the indictment. This is precisely what Rule 404(b) prohibits.

The argument that the other-acts evidence is admissible to show identity does not hold up to scrutiny. Identity is an essential element of the charged crimes. But the government must show a cogent theory for how the prior assaultive incidents show the identity of the perpetrator that does not rely on a propensity chain of reasoning. Typically, proving identity through introduction of prior acts evidence would be demonstrated through *modus operandi* evidence, where the prior acts and the charged crimes share distinctive characteristics so strikingly similar that the same person probably committed both acts. Here, the alleged prior acts and the crimes charged share nothing so unique or signature-like that it would suggest the same person committed both. "Pushing," "hitting," and "pinching" or "pulling" are common types of assaultive behavior. Even pinching or pulling of ears, while more specific, is not unique or uncommon when it relates to using corporal punishment with small children. These alleged similarities do not tend to show

identity here through *modus operandi* or in any other way outside of a forbidden propensity chain of reasoning.

Finally, the other-acts evidence should not be admitted to show absence of mistake or lack of accident unless, as a threshold matter, such defenses are presented. If the defendant claimed that she accidentally engaged in the assaultive conduct alleged in count 1 of the indictment – such as during a "one time accidental excessive spanking" as suggested by the government – the other-acts evidence might have some probative value. But until then, the proposed other-act evidence is not relevant. Regarding count 2, the government seems to suggest that the prior alleged assaultive behavior would be relevant to rebut a claim of mistaken failure to provide medical care and nurturance. (Doc. 5 at pp. 5-6.) But the prior alleged assaultive behavior is too dissimilar and remote in time to be relevant to the allegations of neglect in count 2.

**B. Even if admissible under Rule 404(b), the other-act evidence should be excluded under Rule 403**

To the extent the other-act evidence here is relevant, its probative value is minimal and grossly outweighed by the risk of unfair prejudice, confusing the issues, and misleading the jury. The defendant was not arrested or prosecuted for the prior alleged incidents. The allegations were apparently levied for the first time, by her estranged boyfriend, two years after they purportedly took place and only after he learned of the instant allegations. The defendant disputes the alleged prior incidents, and devoting time at trial to litigating whether the earlier allegations ever happened, offering proof of her estranged boyfriend's bias and motive, or offering proof in mitigation, would distract jurors from the real issues. The proposed other-act evidence is also inflammatory and risks that the jury will overvalue the evidence, give less than appropriate weight to the presumption of innocence and the government's burden of proof, make improper propensity inferences, or simply decide the defendant is a bad person who deserves punishment now regardless of any reasonable doubt as to the charged offenses.

### III.  Conclusion

Ms. Chisholm respectfully requests that this Court preclude the government from introducing their proposed other-act evidence.

Respectfully submitted:   March 18, 2022.

JON M. SANDS
Federal Public Defender

 s/Susan E. Anderson
SUSAN E. ANDERSON
Asst. Federal Public Defender