JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

SUSAN E. ANDERSON, Ariz. Bar #020343
MATTHEW DEATES, Minn. Bar #0400318
Assistant Federal Public Defenders
Attorneys for Defendant
susan_anderson@fd.org
matthew_deates@fd.org

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF OKLAHOMA

| United States of America, | No. 6:21-CR-00194-RAW |
|---|---|
| Plaintiff, | **RESPONSE TO GOVERNMENT'S OBJECTION TO DEFENDANT'S NOTICE OF EXPERT WITNESS** |
| vs. | |
| Paula Amber Chisholm, | |
| Defendant. | |

The defendant, Paula Chisholm, through counsel, urges this Court to reject the government's request (Doc. 73) to preclude the expert testimony of Dr. James M. Wood at trial. The government's claims that Dr. Wood's testimony is not reliable, not relevant, and would invade the province of the jury do not withstand scrutiny. Dr. Wood's testimony will assist the jury under Rule 702 and will provide relevant, probative testimony.

**ARGUMENT**

This case involves the testimony of at least two child witnesses, the alleged victim, K.C., and his sibling, B.S., who were subjected to multiple interviews during the investigation of this child abuse and neglect case, including two forensic interviews. The defendant denies their allegations against her, and she has a constitutional right to present a complete defense. *Crane v. Kentucky*, 476 U.S. 683, 690 (1986). Her ability to vindicate

her right to be heard and effectively present a defense includes providing the jury with a robust explanation of how it could be that two young children in the household could come to accuse her of physically abusing K.C. and failing to feed him when that was not in fact the case. Demonstrating the use of suggestive interview techniques is critical to her defense.

Dr. James M. Wood has pertinent expertise and relevant testimony to offer in this regard. The defense seeks to offer expert testimony by Dr. Wood regarding child witnesses, recommended practices for child forensic interviews, and suggestive child interviewing techniques and its impact on children, as well as regarding an evaluation of the suggestive interviewing techniques used in the case at bar. His proposed testimony would include an explanation of how suggestive interviewing techniques can have lasting effects on children's memory and later statements.

**A. Dr. Wood's testimony is relevant and proper under Rule 702**

Relevant evidence is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence," where "the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b).

Under Rule 702, a witness who qualifies as an expert based on "knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise" to assist the trier of fact to understand the evidence or to determine a fact in issue. Fed. R. Evid. 702(a). The expert's testimony must be "based on sufficient facts or data;" the testimony must be "the product of reliable principles and methods;" and the expert must have "reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(b)-(d).

Rule 702 imposes an obligation upon a trial judge to ensure that expert testimony, including non-scientific and experience-based expert testimony, is relevant and reliable. *United States v. Adams*, 271 F.3d 1236, 1245 (10th Cir. 2001) (citing *Kumho Tire Co. v. Carmichael,* 526 U.S. 137 (1999); *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 592–93 (1993)).

While the government states that it is challenging Dr. Wood's testimony as "not reliable" in the introduction to its motion and memorandum, (Doc. 73 at p. 1), it offers no actual argument regarding the reliability of his proffered testimony and instead simply "assumes" his testimony is reliable and goes on to focus on relevance. (Doc. 73 at p. 5.)

Dr. Wood is highly qualified to give the proffered expert testimony, and the testimony is based on sufficient facts and sound reasoning. (Doc. 72 and attachments.) He is a licensed psychologist, a retired professor of psychology, and he holds multiple advanced degrees including a Ph.D. in clinical psychology. (Doc. 72-1.) He is a nationally recognized researcher on child forensic interviewing and child suggestibility and has published numerous book chapters and journal articles on these topics. A full description of his professional and scientific qualifications may be found in his curriculum vitae. (Doc. 72-2.) Additionally, a list of the sources he utilized and would rely on for his testimony is provided in the disclosure. (Doc. 72, at pp. 6-8.) Dr. Wood reviewed the pertinent discovery in the instant case regarding the forensic and other interviews of the child witnesses, and his proffered testimony is well-sourced and is based on his extensive knowledge, experience, education, and research in this area of psychology, child forensic interviewing, and child suggestibility.

Both the relevance of and reliability of testimony regarding the suggestibility of children and improper child interviewing techniques has been recognized in the courts. Courts have for many years now recognized that suggestibility and improper interviewing techniques are serious issues with child witnesses. *See, e.g., State v. Michaels,* 136 N.J. 299, 642 A.2d 1372, 1376-1379 (N.J. 1994) (surveying the authorities and recognizing a consensus "that the use of coercive or highly suggestive interrogation techniques can create a significant risk that the interrogation itself will distort the child's recollection of events, thereby undermining the reliability of the statements and subsequent testimony concerning such events"); *Idaho v. Wright,* 497 U.S. 805, 826-27 (1990); *Maryland v. Craig,* 497 U.S. 836, 868 (1990) (Scalia, J., dissenting); *People v. Michael M.,* 618 N.Y.S.2d 171, 177 (N.Y.Sup.Ct.1994). Many courts have recognized that expert testimony on these subjects is relevant and admissible. *See, e.g., State v. Sargent*, 738 A.2d 351, 353 (N.H. 1999)

(noting that "expert testimony on the danger of false memory implantation from improper interview techniques may aid a jury in evaluating the reliability of a child's recollections"); *Barlow v. State,* 507 S.E.2d 416 (Ga. 1998) (holding defendant in child molestation case was entitled to introduce expert testimony as to proper techniques for interviewing children and whether the techniques actually utilized were proper); *United States v. Rouse,* 111 F.3d 561, 571-72 (8th Cir.), *cert. denied,* 522 U.S. 905 (1997) (approving of the admission of expert testimony on suggestive interviewing techniques and the influence they can have on children's memories); *Guam v. McGravey,* 14 F.3d 1344, 1348-49 (9th Cir.1994) (noting that the defendant could have presented expert testimony on "the susceptibility of children to suggestion"); *State v. Malarney*, 617 So.2d 739 (D. Ct. App. Fl. 1993) (holding it reversible error to exclude defendant's expert psychological testimony regarding unreasonably suggestive interviewing techniques used with the alleged child victim).

Such testimony is relevant here as well, and would assist the trier of fact. Whether suggestive interviewing techniques were utilized in the case at bar is relevant to and may aid the jury in determining whether suggestive interviewing techniques distorted the children's recollection of events and undermined the reliability of their statements and subsequent testimony concerning the events. The subject of improperly suggestive interviewing techniques and the effect they can have on children are not within the knowledge and understanding of the average juror. *See, e.g., State v. Sargent*, 738 A.2d 351, 354 (N.H. 1999) (finding that "the proper protocols and techniques used to interview child victim witnesses is a matter not within the knowledge and understanding of the average juror"); *Barlow v. State*, 507 S.E.2d 416, 417 (Ga. 1998) ("the propriety and effect of interviewing techniques in child sexual abuse cases 'is a subject with which a lay juror may be unfamiliar'") (quoting *State v. Kirschbaum*, N.W.2d 462, 467 (Wis. App. 1995)). It is critical that the jury be made aware of suggestive interviewing techniques that may have influenced the child witness's testimony, and it is testimony only an expert could provide.

//

//

### B. Dr. Wood's testimony would not usurp the role of the jury, and if that is a concern the proper remedy is to limit rather than preclude his testimony

The government objects to Dr. Wood's testimony on grounds it would usurp the role of the jury by making credibility determinations on the defendant and the victim. The defense disagrees that this is the objective or the effect of Dr. Wood's proffered testimony. Dr. Wood will not opine as to whether the alleged victim and his sibling were actually abused or neglected or whether they were truthful or untruthful in their interviews or testimony. Rather, Dr. Wood will educate the jury on factors that they might consider important when weighing credibility and of which they would be unaware without the assistance of the expert testimony.

The Tenth Circuit has said that "[t]he credibility of witnesses is generally not an appropriate subject for expert testimony." *United States v. Toledo,* 985 F.2d 1462, 1470 (10th Cir. 1993). At the same time, the Tenth Circuit has recognized that Supreme Court precedent "prohibits categorical exclusion of this type of evidence" and that "in some circumstances, credibility testimony by an expert might be allowed." *United States v. Adams*, 271 F.3d 1236, 1245 (10th Cir. 2001) (citing *Crane v. Kentucky*, 476 U.S. 683, 687 (1986)). For example, in *Crane*, the Court determined that even after a confession is deemed voluntary and admissible, "evidence concerning the 'physical and psychological environment that yielded the confession can also be of substantial relevance to the ultimate factual issue of a defendant's guilt or innocence.'" *Adams*, 271 F.3d at 1245 (citing *Crane*, 476 U.S. at 689).

Here, even if the Court determines that Dr. Wood's proffered testimony constitutes "credibility testimony," which we do not concede[1], it still should not be excluded, because

---

[1] *See, e.g., Jenkins v. Com*, 308 S.W.3d 704, 711 (Ky. 2010) (noting that "expert testimony that a witness was subjected to suggestive interview techniques pertains to the *reliability* or *accuracy* of the witness's belief or recollection, not to the truthfulness or untruthfulness of the witness" and thus did not run afoul of the rule prohibiting improper comment on credibility); *State v. Gersin*, 668 N.E.2d 486, 487-88 (Ohio 1996) ("Rather than infringing upon a fact finder's role, such testimony [regarding the proper protocol for interviewing

5

it fits into the type of exception for permissible credibility testimony recognized in *Crane* and *Adams*. It should not be excluded even if deemed "credibility testimony," because Dr. Wood would not be vouching for the child witnesses' truthfulness or untruthfulness or opining that they were the type of children who would have lied under questioning. Rather, testimony about the suggestibility of the interviews in this case goes to the "physical and psychological environment" in which the interviews took place and which could have influenced the children's statements and memories and future testimony.

The government's suggestion that the only proper method for questioning a witness's credibility is cross-examination is too limiting, or their definition of credibility testimony is too broad. Most evidence introduced at trial by the defense goes to the credibility of the accuser, including, for example: contradictory testimony by other witnesses, alibi evidence, and physical or scientific evidence inconsistent with the accuser's testimony. Limiting the defense simply to cross-examination of the accuser and excluding these other types of evidence as impermissible "credibility testimony" would certainly be deemed unfair and a deprivation of the defendant's constitutional right to present a full defense. Similarly, just because testimony of a psychologist expert about the employment of suggestive child interviewing techniques in this case might cause the jury to question the credibility of the child witnesses does not mean the expert has impermissibly commented on credibility or usurped the jury's role.

Contrary to the government's assertion, cross-examination of the child witnesses would be insufficient for the defense to adequately demonstrate that the manner in which information was initially obtained from the children was improper and may have had lasting impact on the reliability of their recollections. Because they are young children, they may not even recall the circumstances of their prior questioning or what they were asked or said, and they may honestly believe whatever accusations they make, even if untrue. *See State v. Sargent*, 738 A.2d 351, 353 (N.H. 1999) (noting that "if a child witness

---

child victims] assists the trier of fact, and therefore is consistent" with the court's holding that an expert may not opine as to the veracity of the child witness).

sincerely believes that the suggested sexual abuse actually occurred, cross-examination of that child witness may not effectively test the reliability of the child's recollection").

Even if the Court agrees with the government that some of Dr. Wood's proffered testimony would constitute improper credibility testimony, usurp the role of the jury, improperly admit hearsay, or confuse the jury, then the proper remedy would be to limit rather than exclude his testimony.

Respectfully submitted:  April 6, 2022.

JON M. SANDS
Federal Public Defender

 *s/Susan E. Anderson*  _
SUSAN E. ANDERSON
Asst. Federal Public Defender

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2022, I electronically transmitted the attached documents to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Morgan Muzljakovich, Asst. U.S. Attorney

Hannah Jones, Asst. U.S. Attorney

 *s/Susan E. Anderson*  _
SUSAN E. ANDERSON
Asst. Federal Public Defender