# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>PAULA AMBER CHISHOLM,<br><br>   Defendant. | Case No. CR-21-194-RAW |

## ORDER

Before the court is the Defendant's Motion to Dismiss Count Two [Docket No. 107] and the Government's response thereto [Docket No. 110]. The Defendant is charged in Count Two with child neglect in Indian Country in violation of 18 U.S.C. §§ 1151 and 1153 and 21 OKLA. STAT. § 843.5(C).

The Defendant argues that 21 OKLA. STAT. § 843.5(C) is unconstitutionally vague on its face under the Fifth Amendment to the United States Constitution. She argues that the statute does not give reasonable notice of what conduct will be punished and to what degree. The Defendant argues that she is entitled to make this facial challenge pursuant to *Johnson v. United States*, 576 U.S. 591 (2015) and its progeny, which she argues invalidates the Tenth Circuit's long-standing precedent that "a court will consider a law's facial vagueness only if it threatens First Amendment interests or if the challenge is made before enforcement." *United States v. Rodebaugh*, 798 F.3d 1281, 1294-95 (10th Cir. 2015).

Defense counsel acknowledges that this court has rejected a similar argument in *United States v. Keys*, CR-21-332-RAW, Docket No. 92, at 3-4. In that case, the court noted that the

same argument had been made in another case in this district before the Honorable Jodi Dishman (sitting by designation). After a thorough analysis, Judge Dishman concluded that "the Tenth Circuit has unequivocally instructed that a court should consider a law's facial vagueness only if it threatens to chill First Amendment or other constitutionally protected conduct or if the challenge is made before enforcement. This Court is bound to apply that law unless an intervening Supreme Court decision contradicts or invalidates the Tenth Circuit's analysis." *United States v. Perez*, CR-21-158-JWD, Docket No. 163, at 13. Again, this court agrees with Judge Dishman's analysis and conclusion. The Defendant's Motion to Dismiss Count Two [Docket No. 107] is hereby denied.

    **IT IS SO ORDERED** this 6th day of December, 2022.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**